

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

January 28, 1948

Hon. E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Opinion No. V-487

Re: Authority of the Commissioner's
Court to allow the formation
of a group life insurance plan
for county employees and to
authorize the county auditor
to make salary deductions and
act as trustee of the premi-
ums for such a group plan.

Dear Sir:

We refer to your recent letter to this Department in
which you ask the following questions:

"Under the provisions of House Bill
No. 420, may, I, as County Auditor, col-
lect and pay premiums on a group insurance
plan organized under the provisions there-
of by county employees by deducting the
premiums therefor from the various county
payrolls?"

Section 1 of H. B. 420, Acts of the 50th Leg., R. S.,
1947, is in part as follows:

"'Section 1. No policy of group life
insurance shall be delivered in this State
unless it conforms to one of the following
descriptions:. . . .

"'(3) A policy issued to an indepen-
dent school district, incorporated city,
town or village which has assumed control
of the public school system within such
municipality, State colleges or universi-
ties, any association of State employees,
any association of State and County em-
ployees, any department of the State Gov-
ernment, which employer or association
shall be deemed the policyholder, to in-
sure the employees of any such independent
school district and of the public school

system of any such municipality, of any
such State colleges and universities, of
any such department of the State Govern-
ment, members of any association of State
employees, <u>and members of any association
of State and County employees</u> for the bene-
fit of persons other than the policyholder
subject to the following requirements: . ."
(Emphasis added)

We are of the opinion that H. B. 420, supra, does not
apply to an association solely of county employees, since there
is nothing in the context to indicate such an intent on the
part of the Legislature.  To give this effect to the bill we
would either have to strike out the words "State and" or con-
strue the word "and" to mean "or".  As to the first alterna-
tive, we see no reason therefor, nor do we believe the courts
would delete those words from the bill in order to bring coun-
ty employees within its provisions, considering the context
of the entire Act.  With reference to the second alternative,
we realize that the courts have sometimes said that the
words "and" and "or" are interchangeable and that one may be
substituted for the other if to do so is consistent with leg-
islative intent.  However, we find nothing in the context of
the bill which evidences such legislative intent.

Since the Act does not provide for the formation of
an association of county employees solely, and since it does
not contain any provision authorizing the county auditor to
collect and pay premiums therefor from the county employees'
salaries, you are respectfully advised that in the absence of
such authority it is the opinion of this Department that the
county auditor cannot collect and pay premiums on such a group
insurance plan under the provisions of said Act.

However, such county employees as may be members of an
association of State and County employees may be insured under
the provisions of this Act. Nevertheless, there are no provi-
sions in the Act whereby the county may pay any part of the
premiums of the group policy.

Further, county employees may voluntarily band together
as individuals under their inherent rights and secure bene-
fits under the group plan, just the same as if they were in-
cluded in the bill, except there is no provision for the
county to obtain this for them, nor has the county any right
to withhold any part of the employees' wages, even with their
consent.

We call your attention to H. B. 665, Acts of the 50th

Leg., R.S., which empowers county employees to combine for the purpose of buying policies of group health, accident, and accidental death insurance.  We are enclosing a copy of our Opinion No. V-488, which construes the provisions of said Act.

## SUMMARY

The county auditor cannot collect and pay premiums for a group consisting solely of county employees on a group insurance plan under the provisions of H. B. 420, Acts of the 50th Leg., R. S., 1947.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Bruce Allen
Bruce Allen
Assistant

BA:djm:mw:wc

APPROVED:
s/Price Daniel
ATTORNEY GENERAL